UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN M. RUIZ, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-69-JEM |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act [DE 35], filed by Plaintiff on November 30, 2015. On January 8, 2016, the Commissioner filed a response, and on January 29, 2016, Plaintiff filed a reply.

**I.    Procedural Background**

On September 17, 2015, the Court issued an Opinion and Order entering judgment in Plaintiff's favor and remanding the case for new proceedings. In the instant Motion, Plaintiff seeks attorney's fees for 62.8 hours of work at a rate of $191.25 per hour, and 1.5 hours of legal staff fees at $95.00 per hour, for a total of $12,153.00. The Commissioner objects, arguing that Plaintiff failed to justify the rate requested and failed to show that certain billed hours were reasonably expended.

**II.    Analysis**

The Equal Access to Justice Act (EAJA) allows a prevailing plaintiff to recover reasonable attorney's fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723 (7th Cir. 2004). An application for

attorney's fees must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) show that the applicant is a "prevailing party;" (2) show that the applicant is "eligible to receive an award;" (3) show that "the amount sought, including an itemized statement from [the] attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) "allege that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)). Plaintiff has the burden of "proving that the EAJA fees" he seeks are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). The amount of the fee award is ultimately a matter "for the court's discretion." *Hensley*, 461 U.S. at 437.

The parties agree that the instant Motion was filed within the requisite period in which to file a petition for fees. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). By obtaining a remand, Plaintiff is considered a "prevailing party." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). Further, there is no dispute that Plaintiff's net worth does not exceed two million dollars. *See* 28 U.S.C. § 2412(d)(2)(B). The Commissioner concedes that her position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The Commissioner's sole objection is to the amount of fees requested. Therefore, the only dispute is whether Plaintiff has met his burden of proving that both the hourly rate requested and the number of hours claimed are reasonable.

A. Reasonableness of Requested Rate

Plaintiff argues that the Court should use the prevailing national market rate to set the hourly rate for an award of attorney's fees. The Commissioner responds that the Court should use the prevailing regional market rate. The EAJA provides that an award of attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Seventh Circuit Court of Appeals has interpreted this language to mean that an attorney is not "automatic[ally] entitl[ed] to fee enhancements" or adjustments for inflation. *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). Rather, the EAJA's language regarding the cost of living "reflects an assumption that general measures like the [consumer price index] will provide a reasonably accurate measure of the need for an inflation adjustment in most cases." *Id.* For example, a plaintiff may show the effect of inflation on her attorney's abilities to provide adequate legal services by submitting "evidence of his typical hourly rate, how his operating costs have been affected by inflation, what competent lawyers in the relevant geographic area charge, or that no qualified attorney would provide representation in comparable cases at the statutory rate." *Walton v. Colvin*, No. 1:12-CV-688, 2013 WL 1438103, at *4 (S.D. Ind. Apr. 9, 2013). The decision to set an hourly rate at the national or regional prevailing rate is left to the discretion of the district court. *Sprinkle*, 777 F.3d at 428, n2.

In this case, Plaintiff calculated his requested hourly rate of $191.25 based on a cost of living increase established by the national consumer price index ("CPI") since 1996, the year the current version of the EAJA went into effect. To show how he calculated his hourly rate, Plaintiff attached

3

a chart from the U.S. Bureau of Labor Statistics of the national CPI for all urban consumers during the relevant period and a National Law Journal Survey of Law Firm Economics. Plaintiff argues that an hourly rate of $191.25 is commensurate with the national average and is on the low end of hourly rates charged for Social Security litigation in the Seventh Circuit. In support, counsel for Plaintiff has attached six sworn affidavits from attorneys practicing in the Seventh Circuit representing that they charge hourly rates ranging from $165.00 to $550.00 for similar legal services provided to Plaintiff in this case. Plaintiff further argues that because both the national and regional CPI are lower than the prevailing market rate for Social Security litigation in the Seventh Circuit, adopting the national CPI moves the Court closer to the prevailing market rate and cost of living adjustments contemplated by the EAJA.

The Commissioner counters that Plaintiff's hourly rate should be adjusted to reflect the regional prevailing market rate for Social Security Litigation based on the "region in which the work was performed." To that end, the Commissioner argues that Plaintiff is entitled to an increase in the cost of living based on the Midwest Urban Consumer Price Index, which leads to a rate of $186.98 per hour.

Although the Commissioner argues that a regional prevailing market rate should apply based on the location of the litigation, the cases she cites in support of that argument are not from the this district. Indeed, the Court finds support from the Northern District of Indiana that the hourly fee should be based on the national CPI. *See Hamrick v. Astrue*, No. 1:09-CV-179, 2010 WL 3862464, at *3-4 (N.D. Ind. Sept. 27, 2010); *Boyanowski v. Colvin*, No. 1:12-CV-139, 2014 WL 146184, at *2 (N.D. Ind. April 15, 2014). In addition, Plaintiff's attorney affidavits, which the Commissioner does not challenge, "are more than sufficient evidence" that the hourly rate he requests is in line with

4

those prevailing in the community for similar services by lawyers of comparable skill and experience. *Sprinkle*, 777 F.3d at 428.

Taking into account that Plaintiff's requested hourly rate based on the national CPI is consistent – if not on the low end – with fees charged for Social Security representation in the Seventh Circuit, the Court, in its discretion, finds that the national CPI should apply in this case. Therefore, Plaintiff has justified his requested hourly rate of $191.25 in attorney's fees.

B. <u>Reasonableness of Hours Expended</u>

The Commissioner contests the number of hours claimed by Plaintiff. The Commissioner specifically argues that Plaintiff should be awarded no more than 40 hours in attorney's fees for the work performed in this case. Plaintiff represents that 40-60 hours is the reference range for this type of case in the Northern District of Indiana for EAJA purposes, and argues that requests for fees that slightly exceed 60 hours are reasonable and regularly granted in the Northern District of Indiana.

A court should exclude from the "fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, p. 6 (1976)); *accord Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The burden remains with Plaintiff to prove that the hours were "reasonably expended." *Hensley*, 461 U.S. at 437. Additionally, "'[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority.'" *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in original). Accordingly, a party requesting attorney's fees should make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 437.

In the instant Motion, Plaintiff has attached a log showing 62.8 attorney hours and 1.5 legal staff hours spent on various tasks related to his appeal. The log included a twenty minute telephonic

5

meeting between Plaintiff and his attorney prior to filing his petition for judicial review to explain appellate procedure and the attorney fee arrangement; 27.5 hours for reviewing the 889-page administrative record and preparing the opening brief; 4.6 hours reviewing and editing the opening brief; 9.1 hours preparing and editing the reply brief; 2.3 hours preparing the instant EAJA application; and assorted hours for preparation of a medical summary and abstract and assessment of the case and brief editing by a supervising attorney.

The Court finds ample support for Plaintiff's assertion that courts in this district regularly award attorney's fees totaling over 60 hours. *See Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (finding that although 40 to 60 hours is the standard, 64.9 hours of attorney time is within the permissible range for Social Security litigation in the Seventh Circuit); *Kinsey-McHenry v. Colvin*, No. 2:12-CV-332, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (awarding EAJA fees for 62.9 hours of attorney time); *Jenkins v. Astrue*, 544 F. Supp. 2d 736, 743 (N.D. Ind. 2008) (awarding 63.4 hours of attorney time, plus 7.7 hours of time to prepare for the EAJA reply brief, for a total of 71.4 hours).

The Commissioner argues that Plaintiff's request of 62.8 hours is excessive and that in *Puckett v. Colvin*, No. 13-cv-01451, slip op. at 3 (S.D. Ind. Oct. 8, 2015), "this court has recently held, in a decision favoring the Commissioner's request to have attorney's fees reduced, that a fee based on 40 hours of work, the upper end suggested by the Commissioner, is reasonable." However, *Puckett* was neither decided by this Court nor in the Northern District of Indiana. Moreover, even discounting that *Puckett* was not decided by this Court or from within this district, the Commissioner's reliance on it is misguided. In *Puckett*, the court reduced the number of attorney hours the plaintiff was awarded to 40 hours because "the effort reflected in the briefs filed by

[plaintiff's attorney] ... d[id] not justify the amount of fees he seeks." *Id.* Specifically, the court noted that "only about four pages [of the opening brief] made up the argument section." *Id.* at 2. *Puckett* did not, as the Commissioner argues, set an upper end of reasonableness of 40 hours of work for all social security cases; rather, the court's adjustment of the award in that case was based on its evaluation of the limited work performed by plaintiff's counsel. *See, e.g., Hochgesang v. Colvin*, No: 1-14-CV-2044, 2015 WL 7288628 at *3 (S.D. Ind. Nov. 11, 2015) (holding that the Commissioner's reliance on *Puckett* was misplaced because the case did not purport to set 40 hours as the upper end of reasonableness for EAJA fees).

The Commissioner also argues that the hours claimed by Plaintiff for preparation of the opening brief is excessive because the case did not involve novel issues and because Plaintiff did not raise new authority in his argument. On the contrary, Plaintiff raised five issues on appeal and proffered extensive case law, citing to over 30 cases alone in his reply brief. In light of the relatively lengthy administrative record of 889 pages, the Court finds that Plaintiff's attorney could reasonably have spent substantial hours reviewing the record and requiring additional time to review the necessary facts in drafting an opening brief and reply brief.

The Commissioner further argues that the hours claimed by Plaintiff are excessive because, the issues he raises – RFC, consideration of combination of impairments, credibility assessment, obesity listing, and a step five finding – are issues that his attorney regularly litigates. However, even accepting the Commissioner's statement as true, the Court takes notice that in a case where Plaintiff's attorney raised nearly identical issues, the court awarded Plaintiff's attorney 64.9 hours. *See Copeland*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (awarding 64.9 hours of attorney time in a case in which Plaintiff's attorney raised claims challenging the ALJ's step five finding and

7

credibility assessment). In addition, even if Plaintiff's attorney is an experienced Social Security advocate, "he must conduct new research every time a case is presented, which research is often time-consuming." *Jenkins*, 544 F. Supp. 2d at 743. Therefore, the Court cannot conclude that Plaintiff is not entitled to the requested attorney hours, simply because his attorney has previously raised and argued the issues presented in this case. *See id.* (reasoning that simply because plaintiff's counsel has researched a Social Security issue before does not mean that he need not do so again).

Finally, the Commissioner challenges the hours Plaintiff seeks for a supervising attorney's work on this case. However, courts have long recognized the propriety of billing for junior and senior attorney hours in EAJA fee requests. *See Copeland*, 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct.17, 2012) (citing *Reed v. Astrue*, 08–5604, 2010 WL 669619, at *3-4 (N.D. Ill. Feb.19, 2010) ("It is entirely appropriate (and indeed reflects the realities of the market) that a senior attorney will guide and advise a junior attorney rather than take the laboring oar with respect to researching and drafting briefs.")). "Review by a senior attorney ensures that the quality of the brief is high and that necessary revisions are made before the brief is filed with the Court." *Kinsey-McHenry*, No. 2:12-CV-332, 2014 WL 1643455, at *3. Crucially, the Commissioner does not assert that the work by the senior attorney was duplicative or redundant. *See, e.g., Perkins v. Colvin*, 10-CV-2204, 2013 WL 6124333, at *6, n. 6 (C.D. Ill. Nov.21, 2013).

Taking into account that Plaintiff's request for attorney hours is consistent with previous awards given in the Northern District of Indiana for work performed in similar Social Security litigation, the Court finds that Plaintiff has demonstrated that his request for 62.8 attorney hours and 1.5 hours of legal assistant time is reasonable.

C. Supplemental Request

Plaintiff's attorney represents that he spent 1.7 hours drafting his EAJA reply brief. At the requested hourly rate of $191.25, this amounts to a supplemental fee request of $325.12. Accordingly, the supplemental request will be incorporated into Plaintiff's EAJA award.

## III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act [DE 35] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $12478.12 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to the offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her attorney.

SO ORDERED this 18th day of May, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record.